UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                    CASE NO. 8:18-CR-99-T-17JSS

ANTONIO MARQUIS RODDY.
_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 513 | Motion to Withdraw Plea of Guilty |
| Dkt. 520 | Response |
| Dkt. 531 | Restricted Digital Audio File – Hearing on August 27, 2019 |
| Dkt. 532 | Restricted Digital Audio File - Hearing on August 27, 2019 |
| Dkt. 537 | Report and Recommendation |
| Dkt. 541 | Objection |
| Dkt. 543 | Response |

Defendant Antonio Marquis Roddy moves to withdraw Defendant's Guilty Plea. Defendant Roddy argues that Defendant did not have close assistance of counsel, and his plea was not knowing and voluntary.

The Government opposes Defendant Roddy's Motion. The Government argues that Defendant Roddy has not established a fair and just reason to withdraw his plea.

Defendant Roddy's Motion to Withdraw Plea of Guilty was referred to the assigned Magistrate Judge for an evidentiary hearing and a Report and Recommendation. Magistrate Judge Sneed conducted a hearing and has entered a Report and Recommendation in which it is recommended that Defendant Roddy's Motion be denied.

I.  Standard of Review
A.  Report and Recommendation

The District Court determines *de novo* any part of the Report and Recommendation

that has been properly objected to. The District Court may accept, reject, modify in whole or in part the recommended disposition, may receive further evidence, or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. Sec. 636(b)(1); Fed. R. Civ. P. 72(b)(3). [I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation.

To the extent that the magistrate judge has made findings of fact based upon the testimony of witnesses heard before the magistrate judge, the district court is obligated to review the transcript or listen to the tape-recording of those proceedings. *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).

B.  Motion to Withdraw Plea

After the district court accepts the plea and before sentencing, the defendant may withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). The district court should consider the following factors in determining whether the defendant has met his burden to show a fair and just reason: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." **United States v. Buckles**, 843 F.2d 469, 472 (11th Cir.1988) (citation omitted). "The good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw a guilty plea] are issues for the trial court to decide." *Id.* at 472. And "[t]he longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal." *Id.* at 473. There is no absolute right to withdraw a guilty plea. **United States v. Medlock**, 12 F.3d 185, 187 (11th Cir.1994). Furthermore, "[t]here is a strong presumption that the statements made during the [plea] colloquy are true." *Id.*

2

I.      Report and Recommendation

In the Report and Recommendation, Magistrate Judge Sneed made detailed factual findings which span the time from the Indictment, February 27, 2018, until Defendant Roddy's Motion to Withdraw Plea, August 1, 2019. (Dkt. 537, pp. 1-8). The factual findings include findings based upon the testimony of witnesses at the evidentiary hearing. Among other factual findings, Magistrate Judge Sneed states:

> "Although Defendant testified that Mr. Weeden promised him that he would receive a sentence of ten years imprisonment if he pleaded guilty, the Court does not find this testimony credible. Defendant told Mr. Weeden that he hoped to receive a sentence of ten years of imprisonment, but Mr. Weeden advised Defendant that this was "substantially unlikely.""

(Dkt. 537, p. 3).

No transcript of the evidentiary hearing on August 27, 2019 has been filed. The Court has listened to the audio recording of the evidentiary hearing.

After consideration, the Court adopts all factual findings in the Report and Recommendation.

II.     Defendant Roddy's Objections

A.      Defendant Roddy did not receive close assistance of counsel

Defendant Roddy asserts that it is clear from the record that Defendant Roddy

3

did not have close assistance of counsel, when Defendant's counsel never reviewed discovery with Defendant, did not calculate the sentencing guidelines for Defendant, did not tell Defendant the correct consecutive sentences that Defendant was facing or inform Defendant that he was a career offender. Defendant Roddy asserts that these failings were admitted by Mr. Weeden.

Magistrate Judge Sneed concluded that Defendant Roddy did have close assistance of counsel. In the Report and Recommendation, Magistrate Judge Sneed explains:

> In reaching this conclusion, the Court evaluated Defendant's statements under oath during the plea colloquy and the testimony of Defendant and his prior counsel, Mr. Weeden. First, the record establishes that defense met with Defendant on several occasions, discussed the nature of the charges against him, reviewed the factual basis for the charges, reviewed the discovery in the case as it pertained to Defendant, explored options for obtaining a reduced sentence based on Defendant's cooperation, and reviewed the plea agreement. The Defendant's review of the plea agreement with his counsel included a review of the potential punishment Defendant faced as specifically explained on pages two through 4 of the Agreement. In addition, the testimony confirms that Defendant's focus was on obtaining the lowest possible sentence rather than proceeding to trial. To help support a lower sentence and minimize Defendant's role, Mr. Weeden obtained a handwritten amendment to the plea agreement to indicate that Defendant was not the shooter identified in Count Seven, which was initialed by Defendant.

(Dkt. 537, p. 10).

Magistrate Judge Sneed further notes that Mr. Weeden testified that he intended to argue for a downward variance from the applicable guidelines range. Magistrate Judge Sneed further notes that the mandatory minimum penalty on Count Seven is now a 10-year mandatory minimum term of imprisonment (consecutive to all other

4

counts.). Magistrate Judge Sneed explains that the Government is seeking a sentence totaling 26.4 years of imprisonment, (Dkt. 502), but Mr. Weeden proposed a sentence between 19 and 22 years of imprisonment based on the request for a downward variance, (Dkt. 501), a range which is consistent with the estimate of 20 years of imprisonment that Mr. Weeden testified that he provided to Defendant. (Dkt. 537, p, 11).

Magistrate Judge Sneed further notes that, after the change of plea hearing was continued, Defendant Roddy testified under oath that he fully discussed the Indictment and the plea agreement with Mr. Weeden, and that Defendant Roddy was fully satisfied with Mr. Weeden's advice and representation. Defendant Roddy confirmed that his lawyer had done everything Defendant had asked him to do. (Dkt. 537, p. 11).

Magistrate Judge Sneed found that Defendant Roddy did not present evidence to refute his sworn statements during the plea colloquy that he was fully satisfied with his counsel. Magistrate Judge Sneed concluded that the record and the testimony presented does not support Defendant Roddy's assertion that he did not receive close assistance of counsel.

After consideration, the Court overrules Defendant Roddy's objection as to this issue.

B.  Defendant Roddy's plea was not knowing and voluntary

Defendant Roddy argues his plea was not knowing and voluntary because there was not enough time for Defendant Roddy to understand the terms of the plea agreement, and because his counsel continued to assure Defendant Roddy that Defendant's term of imprisonment would be under ten years.

To be knowing and voluntary, a guilty plea must satisfy the three core concerns of Rule 11: 1) the plea must be free from coercion; 2) the defendant must understand the nature of the charges; and 3) the defendant must know and understand the consequences of his guilty plea. *United States v. Mosely*, 173 F.3d 1318, 1322 (11th Cir. 1999).

Magistrate Judge Sneed conducted a comprehensive plea colloquy. The plea colloquy established that Defendant Roddy was competent to enter a change of plea. During the plea colloquy, Magistrate Judge Sneed outlined the elements of the charges and the penalties associated with the charges, explained the rights that Defendant Roddy relinquished by pleading guilty, and determined by Defendant Roddy was not coerced into pleading guilty. Magistrate Judge Sneed further advised Defendant Roddy that there were not promises or guarantees as to the sentence that Defendant Roddy would receive. Defendant Roddy stated that he understood that there were no promises or guarantees about his ultimate sentence, and that he understood that whatever expectations he might have about his sentence would not entitle Defendant Roddy to later attempt to withdraw his guilty plea because he thought he was going to receive a different sentence. (Dkt. 510,

p. 17).

The Court notes that Defendant Roddy entered his change of plea on September 12, 2018, and did not notify the Court that he wanted to withdraw his plea until May 31, 2019. The length of the delay does not indicate a swift change of heart. During that time period, Defendant Roddy testified at trial, and Defendant Roddy's Codefendants were sentenced. This consideration weighs against Defendant Roddy's arguments.

After consideration, the Court overrules Defendant Roddy's objection as to this issue.

The Court has concluded that Defendant Roddy had close assistance of counsel, and that his plea was knowing and voluntary. Based on the record, the additional factors, the conservation of judicial resources and the prejudice to the Government, weigh against Defendant Roddy.

After consideration, the Court adopts and incorporates the Report and Recommendation by reference. Accordingly, it is

**ORDERED** that Defendant Roddy's Objections to the Report and Recommendation (Dkt. 541) are **overruled**; the Report and Recommendation (Dkt. 537) is **adopted and incorporated by reference.** Defendant Roddy's Motion to Withdraw Plea (Dkt. 513) Is **denied.**

**DONE and ORDERED** in Chambers in Tampa, Florida on this 8th day of November, 2019.

*/s/ Elizabeth A. Kovachevich*
ELIZABETH A. KOVACHEVICH
Senior United States District Judge

Copies to:
All parties and counsel of record